J-S14013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HAROLD FRANKLIN FORD, | : | |
| | : | |
| Appellant | : | No. 3637 EDA 2017 |
| | : | |

Appeal from the Order Entered October 26, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0003457-2002

BEFORE:   OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY OTT, J.:                          **FILED MAY 15, 2018**

Harold Franklin Ford appeals, *pro se*, from the order entered October 26, 2017, denying his serial petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Ford seeks relief from the judgment of sentence of an aggregate term of 25 to 50 years' imprisonment imposed on June 30, 2003, following his jury conviction of robbery and conspiracy.  On appeal, Ford insists his mandatory minimum 25-year sentence for robbery, imposed pursuant to Pennsylvania's "three strikes" law, 42 Pa.C.S. § 9714, is illegal because he was never sentenced for a second strike.  Since we conclude Ford's petition is untimely filed, we affirm the order denying relief.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

The following procedural history is relevant to our review. On December 18, 2002, a jury convicted Ford of robbery and conspiracy based upon his participation in a June 2002 robbery at a hotel in Chester County. On June 30, 2003, the trial court sentenced Ford to a mandatory minimum term of 25 to 50 years' imprisonment, pursuant to Section 9714(a)(2), for his robbery conviction, concluding the conviction was Ford's "third strike" under the law.[2] Ford's judgment of sentence was affirmed by this Court on direct appeal, and the Supreme Court subsequently denied his petition for review on April 19, 2005. *See Commonwealth v. Ford*, 859 A.2d 829 [2087 EDA 2003] (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 872 A.2d 1198 (Pa. 2005). On May 2, 2005, Ford filed a timely, *pro se* PCRA petition. Counsel was appointed and filed an amended petition, which the PCRA court ultimately dismissed on May 29, 2007. This Court affirmed the PCRA court's order on appeal, and, once again, the Supreme Court denied Ford's petition for review. *See Commonwealth v. Ford*, 947 A.2d 1251 (Pa. Super. 2008), *appeal denied*, 959 A.2d 319 (Pa. 2008).

Thereafter, Ford filed multiple *pro se* petitions seeking PCRA relief, none of which were successful. *See Commonwealth v. Ford*, 988 A.2d 719 [826 EDA 2009] (Pa. Super. 2009) (unpublished memorandum); *Commonwealth v. Ford*, 31 A.3d 755 [3455 EDA 2010] (Pa Super. 2011) (unpublished

---

[2] The court also imposed a concurrent term of 10 to 20 years' imprisonment for the criminal conspiracy conviction.

memorandum); ***Commonwealth v. Ford***, 81 A.3d 996 [1988 EDA 2012] (Pa. Super. 2013) (unpublished memorandum); ***Commonwealth v. Ford***, 159 A.3d 46 [1337 EDA 2016] (Pa. Super. 2016) (unpublished memorandum).

On October 17, 2017, Ford filed the present petition, seeking modification/reconsideration of his sentence based upon new case law. ***See*** Petition, 10/17/2017. The trial court denied the petition by order entered October 26, 2017, and this timely appeal followed.[3]

Preliminarily, we note the trial court should have treated Ford's motion as a serial PCRA petition. The PCRA "is the exclusive vehicle for obtaining post-conviction relief … regardless of the manner in which a petition is titled." ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa. Super. 2001). Indeed, our Supreme Court has held all "claims that could be brought under the PCRA must be brought under that Act." ***Commonwealth v. Descardes***, 136 A.3d 493, 499 (Pa. 2016) (quotation omitted). Here, Ford's petition filed in October of 2017, appeared to challenge the legality of his mandatory

---

[3] Although not directed to do so, Ford filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on December 19, 2017.

minimum sentence.[4]  An illegal sentencing claim is cognizable under the Act,[5] and, therefore, the trial court should have treated the filing as a PCRA petition.

Nevertheless, although the trial court denied Ford's petition on the merits, it is well-settled that we may affirm the ruling of a trial court on any basis.  **Commonwealth v. Reed**, 107 A.3d 137, 144 (Pa. Super. 2014).  Here, it is evident that Ford's petition was untimely filed, and he failed to plead or prove any of the time-for-filing exceptions to the PCRA.  **See** 42 Pa.C.S. § 9545(b)(1).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final.  **See** 42 Pa.C.S. § 9545(b)(1).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature.  **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)).  The court cannot ignore a petition's untimeliness and reach the merits of the petition.  **Id.**

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

---

[4] The inartfully drafted, *pro se* petition avers Ford was sentenced as a third strike offender "without ever being sentenced as a 2nd strike offender in violation of the case law[.]"  Defendant's *Pro Se* Petition for Review/Modification and Reconsideration of Sentence, 10/17/2017, at 1.  Ford also claims he is in poor health and has been a model inmate.  **See id.** at 1-3.

[5] **See Commonwealth v. Montgomery**, ___ A.3d ___, ___, 2018 PA Super 54, *6 (Pa. Super. Mar. 14, 2018).

In the unpublished decision affirming the denial of PCRA relief from Ford's fifth petition, a panel of this Court found as follows:

> In the case *sub judice*, [Ford] was sentenced on June 30, 2003, and this Court affirmed his judgment of sentence on July 12, 2004. [Ford] filed a petition for allowance of appeal, which our Supreme Court denied on April 19, 2005. Thereafter, [Ford] did not file a petition for a writ of *certiorari* with the United States Supreme Court. Therefore, [Ford's] judgment of sentence became final ninety days later, on July 18, 2005, when the time for seeking certiorari from the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (indicating when judgment of sentence becomes final); U.S. Sup. Ct. R. 13(1) (stating "a petition for a writ of certiorari to review a judgment in any case...is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[ ]"). Thus, [Ford] had until July 18, 2006, to file a timely PCRA petition; however, [Ford] filed the instant PCRA petition on March 7, 2016, and, therefore, it is patently untimely under the PCRA

***Ford***, ***supra***, 159 A.3d 46 (unpublished memorandum at *2). Accordingly, the petition *sub judice*, filed on October 17, 2017, is untimely as well.

Although Ford does not explicitly invoke any of the time for filing exceptions, he does imply that he is entitled to relief based upon the Pennsylvania Supreme Court's decision in ***Commonwealth v. Armstrong***, 107 A.3d 735 (Pa. 2014). In that case, the Supreme Court affirmed, without further opinion, the decision of this Court, which held that a defendant cannot be sentenced under the third strike provision of Section 9714, when his second strike offense was committed before he was convicted and sentenced as a first strike offender, and, therefore, the defendant had no opportunity to reform.

*See Commonwealth v. Armstrong*, 74 A.3d 228, 241-242 (Pa. Super. 2013).

We conclude the **Armstrong** decision does not provide Ford with relief. First, it is well-settled that judicial decisions do not equate to "newly discovered facts" pursuant to the exception set forth in Section 9545(b)(1)(ii).[6] ***See Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013). Second, the "newly recognized constitutional right" exception, codified in subsection 9545(b)(1)(iii), applies only where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). The Pennsylvania Supreme Court did not recognize a new constitutional right in **Armstrong**, but rather, affirmed the Superior Court's discussion that dealt with a question of statutory construction. Further, the Supreme Court has not held that **Armstrong** is to be applied retroactively to cases in which the judgment of sentence had become final. Finally, even if

---

[6] **See** 42 Pa.C.S. § 9545(b)(1)(ii) (providing exception to the timing requirements when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence").

*Armstrong* did provide Ford with a basis for relief, his present petition was not filed within 60 days of the Supreme Court's decision as required by Section 9545(b)(2).[7]  *See* 42 Pa.C.S. § 9545(b)(2) ("Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.").  Therefore, Ford has failed to invoke a timing exception based on *Armstrong*.

Furthermore, we note that, in any event, Ford raised a virtually identical claim in the appeal from the denial of his first PCRA petition.  Specifically, he argued "because he was never sentenced as a second strike offender pursuant to section 9714, he cannot be sentenced as a third strike offender."  *Ford*, *supra*, 947 A.2d at 1254.  A panel of this Court rejected this claim as follows:

> [T]he Commonwealth's Sentencing Memorandum filed on June 17, 2003, in support of its Notice of Intent to Invoke Mandatory Minimum Sentencing Provisions, provides clear proof that Ford's prior convictions satisfy the mandates of both [Commonwealth v.] *Shiffler*[, 879 A.2d 185 (Pa. 2005),] and section 9714. Specifically, our review of the Commonwealth's Sentencing Memorandum reveals the following:
>
> 1. On September 20, 1974, in case nos. 148–73 and 186–73, Ford pled guilty to, *inter alia*, the charge of Robbery While Armed and Robbery, respectively, and was sentenced to two concurrent terms of four to eight years imprisonment.

---

[7] Indeed, the Supreme Court's decision in *Armstrong* was rendered on December 30, 2014, and the present petition was filed nearly three years later, on October 17, 2017.

2. On September 11, 1979, in case no. 1199–78, Ford was sentenced to 24 months to 59 months imprisonment following his conviction of, *inter alia*, Robbery.

3. On December 20, 1991, in case no. 2883–88, Ford was sentenced to four to ten years imprisonment following his conviction of Robbery.

Commonwealth's Sentencing Memorandum, 06/17/03, Exhibits A, B, C, D.

Clearly, the record contradicts Ford's assertion that the requirements for a third strike offender were not established. Specifically, the record reflects that Ford was sentenced for crimes of violence on three occasions prior to the instant offense, and given intervening opportunities to reform, of which he clearly failed to take advantage. As noted by the learned trial judge, Ford's current Robbery conviction actually represents his fourth strike. Accordingly, we find no error in the trial court's imposition of the mandatory minimum sentence pursuant to section 9714(a)(2).

***Ford***, ***supra***, 947 A.2d at 1255. Therefore, we conclude Ford is entitled to no

relief.[8]

Order affirmed.

_____

[8] We recognize that because the trial court did not treat Ford's motion as a PCRA petition, it failed to provide him with the requisite notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Nevertheless, when a petition is untimely filed, the court's failure to provide Rule 907 notice does not constitute reversible error. ***See Commonwealth v. Lawson***, 90 A.3d 1, 5-6 (Pa. Super. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/15/18